# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

CAMERON WOODS,

Plaintiff,

No._____

v.

**JURY DEMANDED**

CITY OF BOLIVAR, TENNESSEE;
GRANVILLE LLOYD; and
ALLEN SIDES,

Defendants.

## COMPLAINT

Plaintiff Cameron Woods files this civil rights lawsuit against the above-named Defendants arising out of an incident that took place on or about December 16, 2022, and in support would show as follows:

## I. PRELIMINARY STATEMENT

Defendant City of Bolivar, Tennessee, operates the Bolivar Police Department as an agency/department of the municipal government and as such is liable for the actions and inactions of the police department and its officers. Plaintiff asserts that Defendant City of Bolivar, Tennessee d/b/a the Bolivar Police Department through its practices, policies, customs, and patterns of conduct violated Cameron Woods' civil rights guaranteed to him under the constitution of the United States of America by utilizing excessive force in misidentifying him, detaining him, and injuring him on or about December 16, 2022.  Defendants Granville Lloyd and Allen Sides of the

Bolivar Police Department, acting under color of state law, used unwarranted and unnecessary force at the Bolivar General Hospital in Hardeman County, Tennessee, where Mr. Woods was a patient for an unrelated health issue when they mistakenly identified Mr. Woods as a suspect for another crime and profiled him as a criminal. Defendants Lloyd and Sides escalated the incident without justification and ambushed Mr. Woods while he was in an exam room of the hospital using a taser on him for no justifiable reason. Mr. Woods was at the hospital to receive medical treatment and had done nothing wrong on the evening in question and if Defendants had taken the time to look, they would have discovered that Cameron Woods is a law abiding citizen with no criminal record at all.   Defendants had no reasonable justification to barge into the hospital and point taser guns at Mr. Woods and then had no reasonable justification to tase him when he was complying with their commands.

The Bolivar Police Department failed to train its officers, failed to have adequate policies and procedures in place for its officers, and allowed its officers to engage in a custom and pattern of conduct of using excessive and unjustified force without appropriate oversight and supervision that was the moving force behind the emotional and physical injuries sustained by Mr. Woods in this tragic event.   Moreover, upon information and belief, the Bolivar Police Department's past history of allowing its officers to violate the civil rights of the citizens of this city created an environment where officers believed they could use excessive force and get away with it. Defendants Lloyd and Sides' actions were condoned, approved, and ratified by the City of Bolivar, sending a message to all officers that they can violate the civil rights of the citizens of this community without facing any punishment as these officers were not punished in the least bit for their actions on the morning of December 16, 2022.   Defendant City of Bolivar, upon information and belief, has video footage that captured the subject incident, but this Defendant has refused to

provide Plaintiff with a copy of such video.  Plaintiff submits that this video will confirm that Defendants Lloyd and Sides violated his civil rights and assaulted him.

Law enforcement officers must be given the right to protect themselves and the innocent citizens of this community from the unlawful acts of criminals.  However, the City of Bolivar must hold its law enforcement officers to a high standard of honor and integrity and when an officer overreacts, he or she must be held accountable for their actions to protect all of the innocent citizens of this community from harm.

## II. <u>PARTIES</u>

1.    Cameron Woods is bringing this action. Mr. Woods is an adult resident citizen of Hardeman County, Tennessee.

2.    Defendant City of Bolivar, Tennessee, ("Defendant City of Bolivar") is duly incorporated under the laws of the State of Tennessee. Defendant City of Bolivar can be served by serving Kevin Snider, City Attorney, 211 North Washington Street, Bolivar, Tennessee 38008. Defendant City of Bolivar is responsible for the actions and inactions of its employees, agents, and apparent agents and for the operation, training, and policies for the Bolivar Police Department.

3.    Defendant Granville Lloyd ("Defendant Lloyd or Officer Lloyd") is upon information and belief an adult resident citizen of Hardeman County, Tennessee.  At all times pertinent hereto, Defendant Lloyd was an officer with the City of Bolivar Police Department and was acting under color of state law at all applicable times. Defendant Lloyd is being sued individually and in his official capacity as an officer with the City of Bolivar Police Department and may be served with this Complaint through serving him at 211 West Jackson Street, Bolivar, Tennessee 38008.

4.    Defendant Allen Sides ("Defendant Sides" or "Seargent Sides") is upon information and belief an adult resident citizen of Hardeman County, Tennessee.  At all times pertinent hereto, Defendant Sides was a Seargent with the Bolivar Police Department, acting under the color of state law and within the course and scope of his employment with the Bolivar Police Department. Defendant Sides is sued individually and in his official capacity as a Seargent with the Bolivar Police Department and may be served with this Complaint through serving him 211 West Jackson Street, Bolivar, Tennessee 38008.

### III. JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action because of the important questions of federal law presented by this case pursuant to inter alia 28 U.S.C. §§ 1331 and 1343.  The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims asserted herein pursuant to inter alia 28 U.S.C. § 1367.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the causes of action alleged in this Complaint occurred within the Western District of Tennessee.

7.    Plaintiff brings this cause pursuant to federal statutes including, but not limited to, 42 U.S.C. §§ 1981, 1983 and 1988 in conjunction with all relevant statutes and laws.  Plaintiff asserts that Defendant City of Bolivar violated his civil rights for the reasons set forth herein and that Defendants Lloyd and Sides violated his civil rights as well and should also be held liable for their civil assault on Plaintiff.

### IV. FACTUAL ALLEGATIONS

8.    On December 16, 2022, Plaintiff Cameron Woods went to the emergency room at Bolivar General Hospital from his home due to an allergic reaction to some medication with

4

shortness of breath among other symptoms.

9.      At no time relevant to this action was Cameron Woods involved in any criminal activity, nor did he do anything that justified a high level of force being used against him.

10.      According to records obtained from the Bolivar Police Department, Defendants Lloyd and Sides were working as officers for the Bolivar Police Department on the evening of December 15, 2022.  Defendants Lloyd and Sides were dispatched to 518 W. Market Street in Bolivar at 11:04 PM to investigate an incident where shots were fired.

11.      When Defendants Lloyd and Sides arrived at the scene of the alleged shooting, they were able to watch surveillance video footage that showed a male black wearing a white hoodie with bright colored markings on it, dark pants and white shoes fire shots at two vehicles before running away.  According to records obtained from the Bolivar Police Department, Defendants Lloyd and Sides were also available to watch surveillance video from inside the Family Dollar Store of this same individual wearing a white hoodie, dark pants and white shoes before the shots were fired.

12.      The individual in the white hoodie that was allegedly firing shots on Market Street on the evening of December 15th is a male black with short dread locks.  This individual, who has now plead guilty to aggravated assault charges, is Demarial Sanders and he looks nothing like Plaintiff Cameron Woods, who is a 5 foot-8 inch tall male black with light skin and very long and very distinctive dread locks.  While Plaintiff may have been wearing a somewhat similar white hoodie, he was wearing blue sweat pants and black Crocs, not white shoes, on the morning of December 16, 2022.

13.      According to police records, the Bolivar Police Department received a telephone call that a male black wearing a white hoodie was in the emergency department of the Bolivar

Police Department.  Upon information and belief, the Bolivar Police Department reached out to the Boliver General Hospital after the alleged shooting on December 15 to ask them to report back if a male black wearing a white hoodie presented to the hospital.

14.    The individual wearing the white hoodie in the emergency department on the morning of December 16, 2023, was Plaintiff Cameron Woods.

15.    The hospital employee that called the police to tell them about the male black wearing a white hoodie, upon information and belief, had not seen any surveillance video footage capturing the image of the alleged shooter when he or she called the Bolivar Police Department and would have no way of knowing that Plaintiff Cameron Woods looked very different from the alleged shooter captured on this surveillance video footage.

16.    Due to the fact that the emergency room was busy, someone from the Bolivar Police Department advised the hospital staff to move Plaintiff Cameron Woods to a private area of the hospital and a hospital staff person took Mr. Woods to an x-ray room.

17.    Plaintiff Cameron Woods was not acting the least bit erratic (like the alleged shooter) and did not pose a threat to anyone while he was at the Bolivar General Hospital.

18.    Plaintiff Cameron Woods was waiting patiently for medical treatment on the morning of December 16th, when Defendants Lloyd and Sides abruptly entered the room where he was sitting and pointed taser guns at him as they yelled at him to show his hands or words to that effect.

19.    Defendants Lloyd and Sides knew or should have known immediately upon entering the x-ray room where Plaintiff Cameron Woods was sitting that Mr. Woods was not the same individual that they were looking for but they still acted in the above aggressive manner without any justification for doing so.

20.    Upon arrival to the Bolivar General Hospital in the early morning hours of December 16, 2022, Defendants Lloyd and Sides developed a plan that involved ambushing Plaintiff in the manner described in the above paragraph irrespective of whether the individual sitting in the x-ray room matched the description of the alleged shooter.

21.    Sergeant Sides instructed Defendant Lloyd to have his taser available to use and that the suspect would be told only one time to show his hands and that if he did not, then Defendant Sides instructed Defendant Lloyd to deploy his taser. This plan constitutes excessive force in and of itself even if the person sitting in the x-ray room had been the alleged shooter but definitely when the person in the x-ray room was an innocent patient at the hospital that just happened to be a male black wearing similar clothing to the alleged suspect.

22.    Upon information and belief, this x-ray room was a controlled environment where Mr. Woods could not flee and could not harm anyone even if he had the desire to do so.

23.    Defendants Lloyd and Sides ambushed Plaintiff in the x-ray room and yelled out commands for him to show his hands and put them on the wall.

24.    As was to be expected, Plaintiff was confused and scared as he had done nothing wrong and repeatedly asked the officers what did I do wrong and words to the effect of what was going on as he was also in the process of following the Defendant officers' commands.

25.    Defendant Lloyd deployed his taser gun making contact with Mr. Woods even though Mr. Woods was attempting to comply with their commands in violation of Mr. Woods' civil rights.

26.    Mr. Woods was extremely fearful and in immediate pain and extreme discomfort and continues to suffer from post-traumatic stress disorder from this traumatic experience.

27.    Defendants Lloyd and Sides knew that the individual they were tasing was Cameron Woods before entering the x-ray room and knew or should have known that he did not have any history of any criminal activity.

28.    After using excessive force and unnecessarily tasing Mr. Woods, Defendants Lloyd and Sides put handcuffs on him and continued to treat him as the suspect shooter.

29.    Plaintiff advised Defendant Sides that he had been at home prior to his arrival to the emergency room and was not the individual responsible for the shooting. The officers also spoke with Plaintiff's mother who corroborated Plaintiff's story.

30.    After handcuffing Mr. Woods and hearing his story (corroborated by his mother), Defendant Lloyd finally removed the prongs from the taser gun that were stuck in Mr. Woods. According to Defendant Lloyd, one of the taser prongs was in the upper quadrant of Mr. Woods' back and the other was in his shoulder.

31.    The officers finally released Plaintiff from custody and allowed him to return to the emergency room for treatment for the medical condition that caused him to go to the hospital in the first place but for some reason, Defendants Sides and Lloyd chose to charge Mr. Woods with resisting arrest without any basis to do so.

32.    Upon information and belief, Defendant Lloyd and/or Defendant Sides unfairly charged Plaintiff with resisting arrest to justify their use of excessive force in this case and the charge constitutes abuse of process and another basis for Plaintiff to assert that his civil rights were violated by these officers.

33.    Later on, officers were dispatched to another disturbance involving an individual who was displaying erratic behavior and determined that this individual, Demarial Sanders, was the individual who was shooting a gun on West Market Street on the evening of December 15,

2022.

34.    Defendants Lloyd and Sides had no reason to believe that Plaintiff posed an immediate or imminent threat to others as they detained him at Boliver General Hospital and unjustifiably used unnecessary and excessive force when they tased him on the morning of December 16, 2022.

35.    In fact, Defendant officers, in their own report, noted that Mr. Woods was not displaying the same erratic behavior as was noted of the shooting suspect and at that point they should have known this was not the correct suspect. Mr. Woods looks very different than the suspect these officers had just seen in surveillance video footage and he was wearing different shoes.

36.    Plaintiff did not pose any threat to either officer or anyone else.

37.    It is inexcusable for Defendant officers to try to justify their use of excessive force in this case on the fact that they were looking for a male black in a white hoodie and Mr. Woods just happened to be a male black wearing a similar piece of clothing.

38.    Upon information and belief, the incident which is the subject of this action was captured on video by one or both of the Defendant officer's body cameras but Defendants have refused to provide Plaintiff with a copy of this video.

39.    Defendants violated the civil rights of Cameron Woods in a number of ways on December 16, 2022, from misidentifying him as the suspect in the aforementioned shooting to the way they aggressively treated him in the emergency room at Bolivar General Hospital.

40.    The actions of the Defendant officers were objectively unreasonable.

41.    Defendant City of Bolivar failed to have appropriate and constitutional policies in place at the time of this incident, failed to properly train members of the Bolivar Police

Department, failed to enforce the policies that they had in place and allowed their officers to engage in a pattern of misconduct in violation of the Constitution of the Unites States.

42.     Defendant City of Bolivar further ratified, condoned and approved the conduct of Defendants Lloyd and Sides when it chose not to discipline them in any way for their actions on the morning of December 16, 2022.

43.     Upon information and belief, officers with the Bolivar Police Department have used excessive force in the past and yet Defendant City of Bolivar has done little to nothing to deter continued violations. Defendant City of Bolivar did a woefully inadequate job investigating this incident and merely accepted the self-serving statements of the officers involved without conducting the type of investigation that an incident like this requires, thereby sending the wrong message to both the officers on this force and the citizens of this City.

44.     Defendant City of Bolivar has engaged in a pattern of unconstitutional conduct that created an environment that allowed this incident to happen and upon information and belief, one or both of the Defendant officers has likewise engaged in a pattern of unconstitutional conduct.

45.     Plaintiff asserts that the actions of the Defendant officers on the date in question constitutes excessive force and a constitutional violation.

46.     Plaintiff further asserts that Defendant officers' actions constitute assault and outrageous conduct under Tennessee law in addition to the federal civil rights' violations alleged herein.

47.     Defendants violated Plaintiff's constitutional rights namely those rights protected by the Fourth and Fourteenth Amendments to the United States Constitution as set forth herein. Those rights were clearly established at the time of the violation. A reasonable officer confronted with the same or similar situation would have known that using unnecessary force would violate

those rights.

48.     Defendants had no probable cause that Cameron Woods posed an imminent or immediate threat of serious physical harm either to himself or to others.

49.     Defendant City of Bolivar, Tennessee has failed to adequately and constitutionally train its police officers in the use of unnecessary force when attempting to arrest an individual they believe is a suspect in a crime.

50.     Defendants Lloyd and Sides' acts, inactions and omissions were conducted with deliberate indifference to Cameron Woods' constitutional rights.

51.     Defendant City of Bolivar failed to adequately train its officers on proper use of force in circumstances such as those presented here.

52.     Plaintiff suffered a deprivation of his Fourth and Fourteenth Amendments rights to procedural and substantive due process, including but not limited to his right to personal privacy and bodily integrity.

53.     Defendant City of Bolivar failed to adequately train its officers in violation of the Constitution of the United States of America.

54.     Plaintiff asserts that he suffered great pain and suffering as a direct and proximate result of the actions and inactions of Defendants.

## V. <u>CONSTITUTIONAL VIOLATIONS</u>

55.     Plaintiff hereby incorporates, in its entirety, each and every Paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth verbatim.

56.     Plaintiff avers that tasing an individual who is not an immediate threat amounts to the use of excessive and/or unreasonable excessive force against the Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

57.    Defendants Lloyd and Sides committed the actions and/or omissions described herein under the color of state law and by virtue of their authority as law enforcement officers of the Bolivar Police Department and substantially deprived Cameron Woods of his clearly established rights, privileges and immunities guaranteed to him by the Fourth Amendment and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983 and 1988.

58.    The unreasonable and excessive use of force against Plaintiff in the form of wrongfully arresting, tasing and handcuffing him deprived him of his Fourth and Fourteenth Amendment rights to be free from unreasonable and excessive force.  Plaintiff avers that Defendants knew to a moral certainty that tasing Cameron Woods as means intentionally applied to seize him were likely to cause severe injury.

59.    Defendants Lloyd and Sides were not justified in their use of excessive force and further did not reasonably believe in good faith that excessive force was warranted. Their behavior as described in this Complaint was objectively unreasonable.

60.    Defendants' actions were done with deliberate indifference to Mr. Woods' health, safety, welfare, and liberty.

61.    Defendants Lloyd and Sides' actions were egregious and shock the conscience.

62.    A reasonable officer confronted with the same or similar situation would have known that using excessive force would violate Cameron Woods' rights protected by the Fourth and Fourteenth Amendments.

63.    In support of the Plaintiff's claim that the conduct of Defendants Lloyd and Sides violated the Fourth and Fourteen Amendment rights of Plaintiff and Plaintiff relies upon the factual allegations set forth in this Complaint.

64.    Defendants violated Plaintiff's constitutional rights in many ways, including but not limited to:

a.    Unnecessarily escalating a situation that could have been handled without the need for such an aggressive use of force;
b.    Failure to use or even attempt to use less aggressive or less intrusive measures in questioning a suspect;
c.    Using excessive force when there was no danger to themselves or anyone else in the area; and
d.    Using excessive force and otherwise violating the civil rights of Cameron Woods.

65.    As a direct and proximate result of the actions and omissions of these Defendants, Cameron Woods was injured and his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated.

66.    It was foreseeable that Cameron Woods would be injured and he would sustain such damages as a result of Defendants' actions and inactions.

## VII. CONSTITUTION VIOLATIONS BY CITY OF BOLIVAR, TENNESSEE

67.    Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint, and by reference makes said paragraphs a part hereof as if fully set forth verbatim.

68.    Defendant City of Bolivar acted in accordance with unconstitutional policies that allowed officers to use excessive force to question an individual in connection with a shooting even when that individual did not pose an immediate or imminent threat to the officers or public.

69.    Defendant City of Bolivar did not properly investigate use of excessive force on citizens or properly discipline officers for those acts and condoned an environment in the Bolivar Police Department where officers thought that it was okay to violate the civil rights of the citizens of the City of Bolivar.

70.    Defendant City of Bolivar and its relevant policymakers have failed to act to remedy patterns of excessive force in the Bolivar Police Department despite actual knowledge of

the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

71.    Defendant City of Bolivar policymakers failed to have in place sufficient policies and training to prevent excessive force and it was this lack of policies and training which was the moving force behind the unconstitutional injuries of Plaintiff. Upon information and belief, the policy concerning the use of excessive force that was in place in December of 2022 was on its face violative of the law and was unconstitutional.

72.    Upon information and belief, Defendant City of Bolivar policymakers were aware of, condoned and facilitated by their inaction, a "code of silence" in the Bolivar Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct in this case.

73.    The injuries of Cameron Woods could have been avoided had Defendant City of Bolivar provided better policies and appropriate training as to the proper use of excessive force. This lack of adequate policies and training amounts to an unconstitutional policy.

74.    Defendant City of Bolivar was on notice of each and every constitutional violation alleged herein taking place by Bolivar Police Department officers.  Defendant City of Bolivar violated the Fourth and Fourteenth Amendment rights of Plaintiff in that they were deliberately indifferent to the rights of Plaintiff and others through their hiring, firing, and retention of officers, as well as their inadequate training with regard to the use of excessive force.

75.    Defendant City of Bolivar was on notice that officers with the Bolivar Police Department would be called upon to make decisions regarding individuals they perceive as being suspects in a crime.  Despite this notice, Defendant City of Bolivar failed to adequately train said officers with regard to when to use or refrain from using excessive force. Defendant City of Bolivar also failed to have in place adequate written policies and adequate procedures for the use of

14

excessive force.

76.     Plaintiff avers that Defendant City of Bolivar is liable for the actions of Defendants Lloyd and Sides and all other law enforcement officials involved in the excessive force applied upon Cameron Woods as set forth above.  Defendant City of Bolivar permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its law enforcement officers violating the federal constitutional rights of the public at large during the course of their law enforcement applications.

77.     After the incident, Defendant City of Bolivar determined that Defendants Lloyd and Sides acted appropriately and in compliance with the policies, practices and customs of the Bolivar Police Department and did so well before the investigation was complete.  However, the actions of Defendants Lloyd and Sides during this incident were in direct violation of the laws of the United States and the State of Tennessee regarding the use of excessive force.  Despite violating the federal and state law, Defendants Lloyd and Sides were not reprimanded or terminated.  Accordingly, the Defendant City of Bolivar ratified, condoned, acquiesced in, and/or approved of Defendants Lloyd's and Sides' conduct in this action in all respects.  As the Defendant City of Bolivar determined that the Defendant Officers conduct as set forth herein was in compliance with the policies, practices and customs of the City of Bolivar and the Bolivar Police Department, the Defendant City of Bolivar is directly liable for the actions and constitutional violations of the Defendants Lloyd and Sides.  Moreover, this conduct is consistent with past actions of Defendant City of Bolivar, which created an atmosphere of no accountability on the part of the officers.

78.     Upon information and belief, as a matter of both policy and practice, the Bolivar Police Department directly encourages, and is thereby the moving force behind the very type of misconduct at issue here. Moreover, upon information and belief, the Bolivar Police Department

facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading officers with the Bolivar Police Department to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

79.    Upon information and belief, generally, as a matter of widespread practice so prevalent as to comprise city policy, officers of the Bolivar Police Department conduct unlawful seizures and use excessive force on citizens, yet the Bolivar Police Department makes findings of wrongdoing in a disproportionately small number of cases, thereby tolerating the constitutional violations of its officers and sending a message to its police force that its officers can violate the constitutional rights of its citizens without being held accountable for doing so.

80.    Upon information and belief, Defendant City of Bolivar has engaged in a pattern of not properly investigating police seizures of civilians and uses of excessive force or properly disciplining officers for those acts.

81.    Upon information and belief, Defendant City of Bolivar had an unconstitutional policy in effect at the time Cameron Woods was injured, permitting the use of excessive force even when no one was in harm's way or in imminent danger or in the alternative, Defendant City of Bolivar may have had a constitutional policy as written but it failed to properly train its officers about such policy, failed to supervise its officers under such policy and engaged in a pattern of failing to enforce such policy.

82.    Plaintiff respectfully submits that Defendant City of Boliver is liable for damages pursuant to 42 U.S.C. §1983 and all other applicable statutes and laws because their custom, policy or practice was the moving force behind the constitutional violations addressed herein.

83.    Plaintiff respectfully submits that Defendant City of Bolivar is liable pursuant to 42 U.S.C. §1983 and all other applicable statutes and laws because its failure to train amounts to deliberate indifference to such rights.  Defendant's failure to train was the moving force behind Plaintiff's constitutional deprivations.

84.    Upon information and belief, Defendant City of Bolivar had a policy of inadequate training and supervision.

85.    Upon further information and belief, Defendant City of Bolivar had one or more unconstitutional written policies which were the moving force behind the constitutional violations suffered by Plaintiff.

86.    The aforementioned actions and omissions of the individual defendants were proximately caused by the policies, practices, customs, and inadequate training of Defendant City of Bolivar and were the underlying cause of the injuries of Plaintiff.

87.    Defendant City of Bolivar knew or should have known that Defendant Sides had a history of misconduct as a law enforcement officer and that he had been previously terminated by at least one law enforcement agency before going to work for the Bolivar Police Department and yet, Defendant City of Bolivar hired him anyway and gave him a supervisory position.

88.    It was foreseeable that Plaintiff would be deprived of his constitutional rights and ultimately be injured as a result of Defendant's actions and inactions as described herein.

## VIII. <u>WILLFUL AND INTENTIONAL TORTS OF DEFENDANT GRANVILLE LLOYD</u>

89.    Plaintiff hereby incorporates, in its entirety, each and every Paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein verbatim.

90.     In addition to the above and in the alternative, the acts of Defendant Lloyd alleged herein constitute the common law intentional torts of assault, battery, intentional infliction of emotional distress, and/or outrageous conduct under the laws of the State of Tennessee.

91.     Defendant Lloyd committed an unpermitted and offensive touching of Plaintiff through an object he set in motion.

92.     Additionally, the Plaintiff avers that the acts and omissions of Defendant Lloyd alleged herein were intentional, malicious, reckless, willful and wanton and in bad faith, entitling the Plaintiff to judgment against Defendant Lloyd for all damages associated with injuries sustained by him, including but not limited to punitive damages.

93.     The aforementioned actions of Defendant Lloyd proximately caused all of the harms and damages alleged herein, including but not limited to severe emotional harm and injuries to Plaintiff.  Plaintiff alleges that such injuries were a foreseeable consequence of the acts and omissions of Defendant Lloyd as alleged herein.

## IX. WILLFUL AND INTENTIONAL TORTS OF DEFENDANT ALLEN SIDES

94.     Plaintiff hereby incorporates, in its entirety, each and every Paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein verbatim.

95.     In addition to the above and in the alternative, the acts of Defendant Sides alleged herein constitute the common law intentional torts of assault, battery, intentional infliction of emotional distress, and/or outrageous conduct under the laws of the State of Tennessee.

96.     Defendant Sides committed an unpermitted and offensive touching of Plaintiff through an object he set in motion.

97.    Additionally, the Plaintiff avers that the acts and omissions of Defendant Sides alleged herein were intentional, malicious, reckless, willful and wanton and in bad faith, entitling the Plaintiff to judgment against Defendant Sides for all damages associated with injuries sustained by him, including but not limited to punitive damages.

98.    The aforementioned actions of Defendant Sides proximately caused all of the harms and damages alleged herein, including but not limited to severe emotional harm and injuries to Plaintiff.  Plaintiff alleges that such injuries were a foreseeable consequence of the acts and omissions of Defendant Sides as alleged herein.

## X. **DAMAGES**

99.    As a direct, proximate and foreseeable result of the acts and/or omissions of the Defendants, Cameron Woods was injured on December 16, 2022. The injuries for which Plaintiff seeks compensation, include, but are not limited to:

    a.  Conscious physical and emotional pain and suffering of Cameron Woods;
    b.  Prejudgment interest and/or post judgment interest and statutory and discretionary costs to the extent permitted by law;
    c.  Attorney fees and expenses pursuant to applicable law, including but not limited to 42 U.S.C. § 1988;
    d.  Injunctive and/or declaratory relief that the acts and conduct set forth above were unconstitutional, and precluding them from engaging in such activities in the future; and
    e.  All such further relief, both general and specific, to which he may be entitled under the premises.

## XI. **PUNITIVE DAMAGES**

100.    Plaintiff hereby incorporates, in its entirety, each and every Paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth verbatim.

101.    The actions of the Defendant officers sued in their individual capacity were performed intentionally, recklessly, fraudulently and/or maliciously, thus entitling Plaintiff to a substantial award of punitive damages under applicable law to be determined by the jury in this

cause.

## XII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff sues Defendants jointly and severally for the injuries described and pray for judgment and an award of injunctive and/or declaratory relief and compensatory damages and punitive damages (where appropriate). Plaintiff seeks $1,000,000 in compensatory damages, plus an amount of punitive damages as may appear fair and reasonable to a jury. Plaintiff seeks such other relief, both general and specific, to which he may be entitled under the premises.

**A JURY IS RESPECTFULLY DEMANDED.**

Respectfully submitted,

s/Jeffrey S. Rosenblum
JEFFREY S. ROSENBLUM (#13626)
MATTHEW T. MAY (#25547)
Rosenblum & Reisman
6070 Poplar Avenue, Suite 550
Memphis, Tennessee  38119
(901) 527-9600
jeffr@randrfirm.com
matt@randrfirm.com